**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JESSE GARCIA,

        Petitioner - Appellant,

v.

ERASMO BRAVO, Warden; and
PATRICIA A. MADRID, Attorney
General of the State of New Mexico,

        Respondents - Appellees.

No. 06-2092

(D. New Mexico)

(D.C. No. CIV-05-586 JB/ACT)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

Jessie Garcia is currently serving a 13-year sentence for cocaine trafficking

and conspiracy to traffic cocaine in violation of New Mexico law.  On May 26,

2005, he filed an application for relief under 28 U.S.C. § 2254 in the United

States District Court for the District of New Mexico.  He alleged that (1) he was

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

entrapped by law-enforcement officials, (2) he was denied his Sixth Amendment right to confront witnesses, and (3) his trial counsel was constitutionally ineffective. The magistrate judge's Proposed Findings and Recommended Disposition (Recommendation) rejected his claims as meritless. On February 28, 2006, the district court adopted the magistrate judge's Recommendation and denied Mr. Garcia's application. The court did not address whether to grant Mr. Garcia a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring a COA to appeal denial of habeas application), which we deem a denial, *see United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000). Mr. Garcia now seeks a COA from this court, raising the same issues. We deny a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court will grant habeas relief only when the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Under the "contrary to" clause, relief can be granted only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004). Relief can be granted under the "unreasonable application" clause only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *See id.* Thus, a habeas writ may not issue simply because a federal court concludes that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Id.* Rather, that application must also be unreasonable. "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Mr. Garcia appears to argue that he was entitled to an entrapment instruction and that the failure of the court to give him one was a constitutional violation. But he may be arguing that the Constitution entitled him to an acquittal because of the evidence of entrapment. Regardless, his argument fails. "The Supreme Court has long recognized that the defense of entrapment 'is not of a constitutional dimension'." *Vega v. Suthers*, 195 F.3d 573, 583 (10th Cir. 1999) (quoting *United States v. Russell*, 411 U.S. 423, 433 (1973)). The district court's resolution of this issue was neither debatable nor wrong.

As for Mr. Garcia's claim that he was denied his constitutional right to confront witnesses, this right attaches only to those witnesses who actually testify against the defendant. *See* U.S. Const. Amend. VI ("[T]he accused shall enjoy the right . . . to be confronted with the witnesses *against him* . . . ." (emphasis added)); *see also United States v. Porter*, 764 F.2d 1, 9 (1st Cir. 1985). The individuals mentioned by Mr. Garcia were not witnesses at trial, and therefore his inability to question them was not a constitutional violation.

Finally, as the magistrate judge's Recommendation explains, Mr. Garcia failed to demonstrate that the state court unreasonably applied clearly established federal law in determining that his trial counsel's performance did not fall below an objective standard of reasonableness and that he suffered no prejudice from the alleged deficiencies. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984*).*

Because Mr. Garcia fails to raise a claim that reasonable jurists would find debatable, we DENY Mr. Garcia's application for a COA and DISMISS the appeal. We also DENY Mr. Garcia's motion for appointment of counsel and motion to dismiss charges.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge